FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2025 DEC 22 PM 3: 57

OFFICE OF THE CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID EUGENE HAYNES, | ) | Case No. __8:25cv734__ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| COLONEL BRYAN WAUGH, in his official capacity as Superintendent of the Nebraska State Patrol; | ) | |
| UNITED STATES OF AMERICA; | ) | |
| PAMELA BONDI, in her official capacity as Attorney General of the United States; and | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| Defendants. | ) | |
| | ) | |

**RECEIVED**

DEC 2 2 2025

CLERK
U.S. DISTRICT COURT

## COMPLAINT FOR RELIEF PURSUANT TO 18 U.S.C. § 925A

(RESTORATION OF FIREARM RIGHTS ONLY – NO MONETARY DAMAGES SOUGHT – ALL OTHER CLAIMS EXPRESSLY RESERVED)

Plaintiff David Eugene Haynes, pro se, alleges as follows:

## I. NATURE OF ACTION

1. This is a narrow statutory action brought exclusively under 18 U.S.C. § 925A for an order directing immediate correction of an erroneous federal firearm prohibition reflected in the FBI NICS Index entry identified as NRI #2730168669 (see Exhibits 4 (PIEXH000030–PIEXH000045) and 15 (PIEXH000095–PIEXH000101)).

2. Plaintiff seeks declaratory and injunctive relief only. Plaintiff seeks no monetary damages, attorney's fees, or costs in this action.

3. Plaintiff does not assert constitutional tort claims or damages claims in this action. Plaintiff expressly reserves all other claims and causes of action arising out of the same or related events, including potential claims under 42 U.S.C. § 1983, any related damages claims, and any attorney's fees or costs claims associated with such separate actions.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 18 U.S.C. § 925A and 28 U.S.C. § 1331 because Plaintiff

brings a civil action against the United States and federal officials to correct allegedly erroneous

federal firearms-disability records maintained in connection with the National Instant Criminal

Background Check System ("NICS"). See 18 U.S.C. § 925A; Smith v. United States, 63 F.4th

677, 679 (8th Cir. 2023) (recognizing § 925A as a vehicle for challenging erroneous NICS-based

firearms denials).

5. Venue is proper in this District because the disputed NICS Index record was submitted by the

Nebraska State Patrol Criminal Identification Division, headquartered in Lincoln, Nebraska, and

the originating agency actions giving rise to the erroneous federal prohibition occurred in this

District.

## III. PARTIES

6. Plaintiff David Eugene Haynes is a natural person and resident of Costilla County, Colorado. Plaintiff has been a licensed pastor since 1994 and received a paralegal diploma in 2005, prior to the events giving rise to this action.

7. Defendant Colonel Bryan Waugh is the Superintendent of the Nebraska State Patrol and is sued in his official capacity as the official responsible for the State's central criminal-history repository and the originating agency that submitted NRI #2730168669 to the FBI NICS Index.

8. Defendant Pamela Bondi is the Attorney General of the United States and is sued in her official capacity as the official responsible for ensuring that the NICS system implements lawful corrections submitted by originating agencies and is administered consistent with federal law.

## IV. FACTUAL ALLEGATIONS (LIMITED TO § 925A SCOPE)

9. Plaintiff's federal firearms prohibition is being applied based on the NICS Index entry identified as NRI #2730168669 (see Exhibits 4 (PIEXH000031–PIEXH000045) and 15 (PIEXH000095–PIEXH000101)).

10. On June 18, 2009, Plaintiff entered pleas of no contest in Hall County District Court in

D08CR09-0049 to two Class I misdemeanor offenses under Neb. Rev. Stat. § 28-310: Count I,

Assault Third Degree – Menacing Threat, victim Nicholas Holder; and Count II, Assault Third

Degree, victim Tyler Smith. The Court sentenced Plaintiff on August 20, 2009, to 18 months of

probation on these misdemeanor counts. Plaintiff was released early from probation by order

filed June 17, 2010 (see Exhibit 3 (PIEXH000013–PIEXH000029)).


11. The felony allegations and any weapon-related counts originally charged in D08CR09-0049

were dismissed by interlineation at the June 18, 2009 change-of-plea proceeding. The State did

not pursue, maintain, or obtain any conviction under Neb. Rev. Stat. § 28-323 (Domestic

Assault) or any other domestic-violence-specific Nebraska statute. Plaintiff's two misdemeanor

convictions were for Assault in the Third Degree under Neb. Rev. Stat. § 28-310. No qualifying

domestic-relationship predicate was alleged, proven, or admitted as an element of either

misdemeanor conviction. Any reference to a domestic-assault statute appears only in non-court

investigative materials and was never adjudicated as an offense of conviction (see Exhibit 3

(PIEXH000013–PIEXH000029)).


12. In 2025, Plaintiff sought formal correction of the state-court record in D08CR09-0049

because state and federal agencies were treating his convictions as a "misdemeanor crime of

domestic violence" for purposes of 18 U.S.C. § 922(g)(9) (see Exhibits 1 (PIEXH000002–PIEXH000004), 2 (PIEXH000006–PIEXH000011), and 16 (PIEXH000102–PIEXH000116)).

13. On May 19, 2025, the Hall County District Court conducted a hearing concerning the charging and disposition record in D08CR09-0049. The Court's May 23, 2025 Order memorialized that hearing, confirmed that the Information had been amended by interlineation at the June 18, 2009 plea hearing, clarified that Count I was amended to Assault in the Third Degree – Menacing Threat with victim Nicholas Holder, dismissed the original Counts II and III, and renumbered Count IV as Count II with victim Tyler Smith (see Exhibit 1 (PIEXH000002–PIEXH000004)). The May 23, 2025 Order also directed the Nebraska JUSTICE system to remove language suggesting convictions for Use of a Deadly Weapon or Strangulation and to reflect only the offenses of conviction and correct victims (the "May 23, 2025 Order"). At that hearing, Plaintiff testified on the record that Tyler Smith was not a member of his household, explaining that Mr. Smith was an adult, that they did not live together, and that Plaintiff did not provide parental or financial support, consistent with the written affidavits and Nebraska JUSTICE address records submitted to the court showing that Mr. Smith's addresses in 2001, 2002, 2003, 2007–2008, and 2014 were all different from Plaintiff's long-term residence at 3034 W 14th Street, Grand Island, Nebraska (see Exhibit 16 (PIEXH000102–PIEXH000116)).

14. On September 24, 2025, the Hall County District Court conducted a further hearing after Plaintiff continued to experience firearms-related consequences despite the May 23, 2025 Order (see Exhibit 1 (PIEXH000002–PIEXH000004)). The Court's October 7, 2025 Order memorialized that hearing and made specific findings that Plaintiff was not convicted of any misdemeanor crimes of domestic violence and that neither Tyler Smith nor Nicholas Holder qualifies as a domestic relation for purposes of evaluating the convictions under 18 U.S.C. §§ 921(a)(33) and 922(g)(9) (see Exhibit 2 (PIEXH000006–PIEXH000011)) (the "October 7, 2025 Order"). At that hearing, the County Attorney stated on the record that the State did not allege a domestic relationship or pursue a domestic-violence prosecution in D08CR09-0049 and acknowledged that the domestic-relationship theory advanced by the State arose from non-court investigative materials rather than from the charging document or judgment (see Exhibit 16 (PIEXH000102–PIEXH000116)).

15. The October 7, 2025 Order confirms that the essential domestic-relationship predicate required by 18 U.S.C. § 921(a)(33) is absent from Plaintiff's convictions and that the corrected victims are not qualifying domestic relations. Accordingly, Plaintiff's two § 28-310 assault convictions cannot be treated as qualifying misdemeanor crimes of domestic violence for purposes of 18 U.S.C. § 922(g)(9) (see Exhibit 2 (PIEXH000006–PIEXH000011)).

16. Despite the May 23, 2025 Order and the October 7, 2025 Order, and despite repeated written correction demands and appeals, the FBI NICS Index continues to reflect NRI #2730168669,

classifying Plaintiff as federally prohibited under 18 U.S.C. § 922(g)(9) based on D08CR09-

0049 (see Exhibits 1 (PIEXH000002–PIEXH000004), 2 (PIEXH000006–PIEXH000011), and 4

(PIEXH000031–PIEXH000045)).


17. Plaintiff submitted an FBI NICS challenge dated April 8, 2025 regarding the February 27,

2025 denial. By letter dated April 21, 2025, the FBI NICS Section stated that the transaction was

prohibited under 18 U.S.C. §§ 921(a)(33) and 922(g)(9), asserted that the criteria for the federal

prohibitor—including a qualifying relationship—had been established, and advised that the

prohibiting record originated from the Hall County District Court. Plaintiff submitted a second

FBI NICS appeal dated June 10, 2025. By letter dated June 30, 2025 regarding NTN

103LVWRV7, the FBI again confirmed the asserted § 922(g)(9) prohibitor, identified NRI

#2730168669 and case number D08CR09-0049, and instructed that any correction, clarification,

or nullification must be submitted by the Nebraska State Patrol Criminal Identification Division

directly to the FBI, stating that no further action would be taken absent documentation from the

contributing agency (see Exhibits 5 (PIEXH000047–PIEXH000050) and 6 (PIEXH000052–

PIEXH000055)).


18. The Colorado Bureau of Investigation confirmed in writing on March 27, 2025 that

Plaintiff's February 27, 2025 firearm-denial appeal remained denied under 18 U.S.C. § 922(g)(9)

based on Hall County case D08CR09-0049. On April 3, 2025, CBI further confirmed that an

entry in the FBI NICS Index lists Plaintiff in the "Misdemeanor Crime of Domestic Violence"

file under NRI #2730168669 and identified the Nebraska State Patrol as the submitting agency,

directing Plaintiff to appeal to FBI NICS (see Exhibit 4 (PIEXH000031–PIEXH000045)).


19. State officials have continued to state that Plaintiff must obtain a pardon or other

extraordinary relief (see Exhibits 10 (PIEXH000071–PIEXH000072) and 13 (PIEXH000086–

PIEXH000089)) despite the 2025 state-court orders confirming that Plaintiff was not convicted

of a misdemeanor crime of domestic violence and that no qualifying domestic relationship exists.

Consistent with the FBI's instructions (see Exhibit 6 (PIEXH000052–PIEXH000055)), Plaintiff

submitted a written request to the Nebraska State Patrol Criminal Identification Division dated

June 10, 2025, seeking immediate correction of the Nebraska JUSTICE records for D08CR09-

0049 and removal of the associated NICS Index entry (NRI #2730168669) (see Exhibit 7

(PIEXH000057–PIEXH000058)).


20. Plaintiff refuses to apply for or accept a pardon because he has never been convicted of a

misdemeanor crime of domestic violence (see Exhibit 10 (PIEXH000071–PIEXH000072)). The

October 7, 2025 Order confirms that the essential domestic-relationship predicate required by

federal law is absent here and that Plaintiff's convictions are non-domestic Class I misdemeanors

(see Exhibit 2 (PIEXH000006–PIEXH000011)).

21. Plaintiff has exhausted available administrative and state-level avenues to correct the record.

On June 10, 2025, Plaintiff submitted a formal public records request to the Nebraska State

Patrol seeking JUSTICE system entries, audit logs, and related verification materials for CR08-

4562 and D08CR09-0049, and policies concerning error rates and accuracy of MCDV

designations. On June 11, 2025, the Nebraska State Patrol responded that it did not locate records

responsive to the request and asserted that entries into the JUSTICE system are managed,

maintained, and updated by the courts, directing Plaintiff to the court system for such records.

Despite these efforts and the 2025 state-court correction orders, the erroneous NICS Index entry

tied to NRI #2730168669 remains uncorrected. On December 5, 2025, NSP representative Mark

Boyer stated that NSP CID was following the Governor's Office position regarding the disputed

§ 922(g)(9) classification, confirming that NSP CID was not lifting the prohibitor associated with

NRI #2730168669 as of that date. The Governor's June 24, 2025 reply and October 14, 2025

response to Plaintiff's demand letter reflect reliance on NSP's position that the federal

misdemeanor-crime-of-domestic-violence disqualification remains in place and that the only

available remedy is executive clemency, notwithstanding the state-court clarification of the non-

domestic relationship finding. On November 17, 2025, FBI/NICS email correspondence further

confirmed that the State, not the FBI, is the proper entity to update or remove the prohibiting

record. The Governor correspondence is submitted as letters only; any referenced attachments are omitted because they are either included elsewhere as exhibits or are not relevant to the narrow § 925A correction sought here. These communications collectively document exhaustion and refusal and show that the State's "pardon-only" position is a categorical mismatch to the records-correction relief required under 18 U.S.C. § 925A. For all correspondence submitted as exhibits in this action, any referenced attachments or enclosures are either filed separately as their own exhibits or are not submitted here because they are unrelated to the narrow § 925A record-correction claim (see Exhibits 5 (PIEXH000047–PIEXH000050), 6 (PIEXH000052–PIEXH000055), 8 (PIEXH000060–PIEXH000063), 9 (PIEXH000065–PIEXH000069), 10 (PIEXH000071–PIEXH000072), 11 (PIEXH000074–PIEXH000081), 12 (PIEXH000083–PIEXH000084), 13 (PIEXH000086–PIEXH000089), 14 (PIEXH000091–PIEXH000094), and 15 (PIEXH000096–PIEXH000101)).

22. To date, neither Defendant has provided Plaintiff any documentation identifying a lawful record basis used to justify the continued maintenance of NRI #2730168669 as a qualifying domestic-violence prohibitor. To the extent any non-court investigative materials (such as police reports) have been referenced in correspondence, such materials were not adjudicated as elements of Plaintiff's offenses of conviction and cannot supply a qualifying domestic-relationship element that is absent from the final court record. At the September 24, 2025 hearing, the County Attorney acknowledged that the asserted domestic relationship was drawn

from police reports and other non-court investigative materials, underscoring that the necessary

relationship element is absent from the judicial record itself (see Exhibits 16 (PIEXH000102–

PIEXH000116) and 17 (PIEXH000118–PIEXH000126)).

23. Plaintiff lawfully possessed and acquired firearms for many years following his 2009

misdemeanor convictions, including purchasing a .308 caliber rifle and related accessories in

December 2013 and a .22 caliber revolver in November 2023 through licensed retailers without

any denial or indication at the time of purchase that he was federally prohibited. Through at least

November 30, 2023, Plaintiff's retail firearms transactions were completed without any NICS

denial or notice of a federal firearms-disability classification. In 2025, beginning with the

February 27, 2025 denial described above, purchasing and licensing authorities first began

treating D08CR09-0049 as a disqualifying domestic-violence prohibition based on the disputed

NICS Index entry (see Exhibit 18 (PIEXH000128–PIEXH000131)).

24. Plaintiff is a 66-year-old disabled Army veteran with mobility limitations who resides off-

grid at approximately 8,300 feet elevation in rural Costilla County, Colorado, during severe

winter conditions with active dangerous wildlife. Prior to relocating to Colorado, Plaintiff lived

for many years in Grand Island, Nebraska and, from December 3, 2012 through September 9,

2015, was employed at Hornady Manufacturing in Grand Island, an ammunition manufacturer,

without any suggestion that he was prohibited from possessing firearms during that period. The

continued erroneous federal prohibition deprives Plaintiff of any lawful means of self-defense

and lawful food procurement at his remote residence. Plaintiff's entire lifestyle, safety, and wellbeing in these conditions depend on lawful firearm access. The risk of serious physical harm is ongoing and cannot be fully remedied by money damages (see Exhibits 17 (PIEXH000117–PIEXH000126) and 18 (PIEXH000128–PIEXH000131)).

## V. CLAIM FOR RELIEF – 18 U.S.C. § 925A

25. Plaintiff incorporates by reference paragraphs 1–24.

26. A "misdemeanor crime of domestic violence" under 18 U.S.C. § 921(a)(33) requires that the offense be committed by a person who stood in one of the enumerated domestic relationships to the victim and that the conviction include, as an element, the use or attempted use of physical force or the threatened use of a deadly weapon. A prior stepparent label does not, standing alone, establish that requirement. The qualifying relationship must be supported by the judicial record associated with the predicate conviction, including the materials the court relied upon and the findings reflected in the case record (United States v. Hayes, 555 U.S. 415, 418 (2009); United States v. Castleman, 572 U.S. 157, 162-63 (2014); United States v. Cuervo, 354 F.3d 969 (8th Cir. 2004)).

27. The Hall County District Court has entered final, unappealed orders correcting the record in D08CR09-0049 and expressly finding that Plaintiff's convictions do not constitute misdemeanor crimes of domestic violence and that neither identified victim qualifies as a domestic relation for purposes of evaluating the convictions. Those corrective orders provide the controlling clarification of the relationship issue for the underlying case record, and Plaintiff seeks only the narrow correction relief authorized by 18 U.S.C. § 925A.

28. Accordingly, Plaintiff's 2009 misdemeanor convictions cannot lawfully support a federal prohibitor under 18 U.S.C. § 922(g)(9) (Hayes, 555 U.S. at 418; Castleman, 572 U.S. at 162–63; Cuervo, 354 F.3d 969).

29. The continued reporting and maintenance of NRI #2730168669 as a qualifying domestic-violence prohibitor is erroneous and inconsistent with the final state-court record and findings.

30. Plaintiff is entitled to an order under 18 U.S.C. § 925A directing Defendants to correct their records and to cease treating his 2009 Hall County convictions as predicates for a federal firearms disability, because under the law and final judgments of the convicting jurisdiction,

Plaintiff is not disqualified from receiving or possessing a firearm. See 18 U.S.C. § 925A; Smith

v. United States, 63 F.4th 677, 679 (8th Cir. 2023) (explaining that the effect of a prior

conviction on federal firearms disability turns on the law of the convicting jurisdiction).


## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Plaintiff's 2009 convictions in Hall County District Court Case D08CR09-0049

are not "misdemeanor crimes of domestic violence" within the meaning of 18 U.S.C. §§

921(a)(33) and 922(g)(9);


B. Order the Nebraska State Patrol, through its Superintendent and Criminal Identification

Division, to permanently remove or correct NRI #2730168669 in the FBI NICS Index within

five (5) business days of this Court's order and to transmit corrected records through authorized

channels reflecting Plaintiff's non-domestic, non-firearm-related misdemeanor convictions as

established by the final state-court record;

C. Order the Attorney General of the United States to ensure that the correction submitted by the Nebraska State Patrol is fully implemented in the NICS system and to provide written confirmation of correction to the Colorado Bureau of Investigation and to Plaintiff;

D. Enter judgment on the papers, without awaiting responsive pleadings, to the extent the Court concludes that the material facts are conclusively established by final state-court judgment and undisputed exhibits;

E. In the alternative, set the matter for immediate telephonic or Zoom hearing at the Court's earliest availability;

F. Order that each party shall bear its own fees and costs in this action; and

G. Grant such other and further non-monetary relief as the Court deems just and proper within the limited scope of 18 U.S.C. § 925A.

Dated: December 15, 2025

Respectfully submitted,

David Eugene Haynes, pro se

PO Box 5

Fort Garland, CO 81133

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DAVID EUGENE HAYNES

**(b)** County of Residence of First Listed Plaintiff    **Costilla**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro se -David E Haynes,PO Box 5,Fort Garland,Co 81133
Telephone:719-231-9031,email: haynes3222@gmail.com

## DEFENDANTS

COLONEL BRYAN WAUGH, in his official capacity as Superintendent of the Nebraska State Patrol, et al.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 925A; 28 U.S.C. § 1331

Brief description of cause:
Action to correct erroneous NICS firearms-disability records and enjoin continued denial under 18 U.S.C. § 922(g)(9) (see attached).

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
Injunctive and declara_

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE  12/15/2025

SIGNATURE OF ATTORNEY OF RECORD   David Eugene Haynes

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



RECEIVED

DEC 2 2 2025

CLERK
U.S. DISTRICT COURT

**Attachment to Civil Cover Sheet (JS-44)**
**David Eugene Haynes v. Colonel Bryan Waugh, et al.**
**United States District Court for the District of Nebraska**

---

## Section I(a) – Defendants (Expanded Listing)

The full list of defendants in this action is:

1. **Colonel Bryan Waugh**, in his official capacity as Superintendent of the Nebraska State Patrol
2. **United States of America**
3. **Attorney General of the United States**
4. **Federal Bureau of Investigation**

---

## Section VI – Cause of Action (Expanded Description)

**Statutes:** 18 U.S.C. § 925A; 28 U.S.C. § 1331

**Cause of Action:**

This is a civil action against the United States and federal officials under 18 U.S.C. § 925A and 28 U.S.C. § 1331 to correct allegedly erroneous federal firearms-disability records maintained in connection with the National Instant Criminal Background Check System ("NICS") and to enjoin continued denial of Plaintiff's ability to receive a firearm under 18 U.S.C. § 922(g)(9) after the convicting Nebraska state court has entered final orders and judgments clarifying that Plaintiff does not have a qualifying "misdemeanor crime of domestic violence" conviction and that his 2009 Hall County misdemeanors do not arise from a qualifying domestic relationship under federal law.

Clerk of the United States District Court
111 South 18th Plaza, Suite 1152
Omaha, NE  68102

David Eugene Haynes
PO BOX 5
Fort Garland, CO 81133

David Eugene Haynes
PO BOX 5
Fort Garland, CO 81133

 

*Retail*

U.S. POSTAGE PAID
PM
FORT GARLAND, CO 81133
DEC 15, 2025

68102

**$26.55**

S2322P500328-2

RDC 03



**CERTIFIED MAIL**

7022 3330 0000 9713 0079

RECEIVED

DEC 2 2 2025

CLERK
U.S. DISTRICT COURT

Clerk of the United States District Court
111 South 18th Plaza, Suite 1152
Omaha, NE 68102